CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

AUG 17 2009

JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| STEPHEN HANNA, | CASE NO. 3:08CV00056 |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | By: B. Waugh Crigler<br>U. S. Magistrate Judge |
| Defendant. | |

This challenge to a final decision of the Commissioner which denied plaintiff's June 21, 2006 claim for a period of disability and disability insurance benefits under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416 and 423, is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision, and DISMISSING this action from the docket of the court.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity since his alleged disability onset date, September 26, 2005[1], and that he was

---

[1] Plaintiff initially alleged a disability onset date of April 1, 2005. (R. 17.) At his hearing, plaintiff amended his onset date to September 26, 2005. (*Id.*)

insured for benefits through December 13, 2010. (R. 17.) It was determined that plaintiff's multilevel degenerative disc disease of the spine was a severe impairment, but that he did not have an impairment or combination of impairments which met or equaled a listed impairment. (*Id.*) The Law Judge further determined that although plaintiff's medically determinable impairments reasonably could be expected to produce the alleged symptoms, his statements concerning the intensity, persistence and limiting effects of these symptoms were "not entirely credible." (R. 23.) The Law Judge then found that plaintiff retained the residual functional capacity ("RFC") to perform light work which requires only occasional balancing, stooping, kneeling, crouching, and crawling. (R. 18.) It was determined that plaintiff was unable to perform any of his past relevant work, expect for his work as a painter and caterer.[2] (R. 23.) By application of the Medical-Vocational Guidelines ("grids") to plaintiff's exertional limitations, and by reference to testimony provided by the vocational expert (VE), the Law Judge concluded that jobs as a painter and caterer were available to plaintiff. (R. 24.) Thus, the Law Judge concluded that he was not disabled under the Act. (*Id.*)

Plaintiff filed a timely request for review of the Law Judge's April 24, 2008 decision. (5-6.) The Appeals Council found that neither the record nor the reasons advanced on appeal provided a basis for changing the Law Judge's decision. (R. 1-3.) Accordingly, the Appeals Council denied his request for review and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

---

[2] Although the Law Judge found that plaintiff could perform some of his past relevant work, he proceeded to the next level in the sequential evaluation. (R. 23.) The undersigned will treat the Law Judge's finding as one that plaintiff could not perform his past relevant work. *See* 20 C.F.R. § 404.1520(a)(4) (the sequential evaluation stops at any step where a claimant is determined to be not disabled).

2

In a brief filed in support of his motion for summary judgment, plaintiff initially argues that the Law Judge failed to apply the proper legal standards in evaluating his credibility. (Pl's Brief, pp. 12-17.) Specifically, plaintiff contends that the Law Judge's credibility assessment failed to include an evaluation of his daily activities. (Pl's Brief, pp. 13-14.) Moreover, plaintiff argues that the Law Judge's finding that he was "not entirely credible" is not supported by substantial evidence. (Pl's Brief, pp. 16-17.) The undersigned disagrees.

A claimant's subjective complaints of pain must be supported by the objective medical evidence. *Craig v. Chater,* 76 F.3d 585, 591 (4th Cir. 1996); *Johnson v. Barnhart,* 434 F.3d 650, 657 (4th Cir. 2005). Specifically, the evidence needs to show the existence of a medical impairment which could reasonably be expected to produce the amount and degree of pain alleged. *Craig,* 76 F.3d at 591; *Johnson,* 434 F.3d at 657.

The Law Judge found that plaintiff's medically determinable impairments reasonably could be expected to produce the alleged symptoms, but that his statements concerning the intensity, persistence, and limiting effects of these symptoms were "not entirely credible." (R. 23.) To support this finding, the Law Judge provided a lengthy recitation of the record evidence. (R. 19-23.) The Law Judge's recitation includes a reference to a physician's comparison of plaintiff's reported daily activities with his alleged symptoms. (R. 20-21.) The Law Judge also summarizes plaintiff's testimony at the March 18, 2008 hearing about his back impairment and its impact on his ability to perform activities of daily living. (R. 19-20.) This leaves little room to argue that the Law Judge's credibility determination failed to include an evaluation of plaintiff's reported daily activities.

The Law Judge's finding that plaintiff's testimony was "not entirely credible" also is

3

supported by evidence provided by William Sukovich, M.D., the physician who served as plaintiff's treating specialist. Dr. Sukovich did not find that plaintiff suffered disabling limitations, and his records reveal that, following the August 11, 2006 surgery, plaintiff made slow but definite progress. For example, Dr. Sukovich noted on February 12, 2007 that plaintiff's symptoms were improving, his activities of daily living were being resumed, and he had no current restrictions. (R. 271.) When evaluated on August 6, 2007, one year post-surgery, Dr. Sukovich found that plaintiff's pre-operative symptoms had improved, he had *no current restrictions*, and he was not to return for follow-up for a full year. (R. 291.) This evidence provides substantial support for the Law Judge's credibility findings.

Next, plaintiff contends that the Law Judge erred by discounting the opinions offered by his treating physician, David Duani, M.D. (Pl's Brief, pp. 17-22.) Specifically, plaintiff offers that the reasons given by the Law Judge for discounting Dr. Duani's opinions are not supported by substantial evidence. (Pl's Brief, pp. 19-22.)

It is a well-established general principle that the evidence of a treating doctor should be accorded greater weight. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir.1992). At the same time, when that physician's opinion is not supported by the objective medical evidence or is inconsistent with other substantial evidence, it may be given "significantly less weight." *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir.1996). Moreover, where the evidence is such that reasonable minds could differ as to whether the claimant is disabled, the decision falls to the Law Judge, and ultimately to the Commissioner, to resolve the inconsistencies in the evidence. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005); *Craig*, 76 F.3d at 589.

4

Case 3:08-cv-00056-NKM-BWC    Document 13    Filed 08/17/09    Page 4 of 6    Pageid#: 93

In an unsigned[3], partially-completed form, Dr. Duani offered the following bare conclusions about plaintiff's functional capacity: he can sit or stand/walk for less than two hours in an eight-hour workday; he will need two to three unscheduled breaks an hour during the workday; he requires fifteen-minute periods to walk around during each hour of the workday; and he needs two to three unscheduled breaks during the workday which would allow him twenty minutes to rest before returning to work. (R. 299.) Dr. Duani believed that plaintiff's impairments and treatment would result in his missing more than four days of work per month. (R. 300.) Finally, Dr. Duani opined that plaintiff's symptoms and limitations had existed for more than ten years. (*Id.*) Dr. Duani did not support any of these conclusions and opinions with any objective information.

The Law Judge determined that Dr. Duani's assessment was "not credible" and entitled to "little weight." (R. 23.) The undersigned can find nothing in the extant record that would suggest the Law Judge should have concluded otherwise. Dr. Duani's findings that preclude all substantial gainful activity make no reference to any objective medical support. Moreover, although Dr. Duani opined that plaintiff's back impairment and limitations had existed greater than ten years, there is no evidence in the record that plaintiff, in fact, has suffered a disabling back impairment for more than ten years.

There also is other evidence in the record which contradicts Dr. Duani's assessment that plaintiff is precluded from all substantial gainful activity. For example, Dr Sukovich, the specialist who performed plaintiff's back surgery, did not believe that plaintiff was precluded

---

[3] Dr. Duani's assessment was originally unsigned. Plaintiff's counsel was able to secure a signature of the form on March 18, 2008. (R. 314.)

from all substantial gainful activity. As noted, Dr. Sukovich's records reveal that plaintiff's August 11, 2006 surgery was generally successful and that he was gradually improving. Dr. Sukovich's medical notes dated February 12, 2007 and August 6, 2007 reveal that plaintiff had "no current restrictions."[4] (R. 271, 291.)

For all these reasons, the undersigned finds that the Commissioner's final decision is supported by substantial evidence. It is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision, and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

08-17-09
Date

---

[4]There is other evidence which contradicts Dr. Duani's assessment that plaintiff was precluded from all gainful activity. For example, two State Agency record reviewing physicians concluded plaintiff could perform light work. (R. 231-237, 275-280.)

6