# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| STEPHEN HANNA,<br>        *Plaintiff,*<br><br>v.<br><br>MICHAEL J. ASTRUE, COMMISSIONER OF<br>SOCIAL SECURITY,<br>        *Defendant* | CIVIL NO. 3:08CV00056<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

   This matter is before the Court upon the parties' cross motions for summary judgment (docket no.s 8 and 10), the Report and Recommendation of the U.S. Magistrate Judge (docket no. 13), the Plaintiff's objections to the Report and Recommendation (docket no. 14) and the Defendant's responses thereto (docket no. 15).

   I referred this matter to the Honorable B. Waugh Crigler, U.S. Magistrate Judge, for proposed findings of fact and a recommended disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) & (C). The Magistrate Judge filed his Report and Recommendation ("Report") on August 17, 2009, recommending that this Court enter an order granting the Commissioner's motion for summary judgment. The Plaintiff timely filed objections to the Report on August 17, 2009, obligating the Court to undertake a *de novo* review of those portions of the Report to which specific objections were made. 28 U.S.C. § 636(b); *Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir. 1982). The Commissioner filed a response to the Plaintiff's objections on September 3, 2009. After a thorough examination of the documented record, the applicable law, and the

Plaintiff's objections, I hereby adopt the Report of the Magistrate Judge and will grant the Commissioner's motion for summary judgment.

## I.  BACKGROUND

On June 21, 2006 Plaintiff Stephen Hanna applied for a period of disability and disability insurance benefits, alleging a disability onset date of April 1, 2005, a date which was amended at Plaintiff's hearing to September 26, 2005.  (R. 15.)  The claim was initially denied on August 10, 2006, and upon reconsideration on March 21, 2007.  (R. 15.)  Thereafter, Hanna timely requested a hearing before an administrative law judge ("ALJ"), which was held on March 18, 2008.  (R. 15.)

In a decision ultimately adopted as the final decision of the Commissioner, the ALJ concluded that the plaintiff was not disabled under the Social Security Act ("Act").  In support of that finding, the ALJ made several findings of fact.  First, the ALJ found that the plaintiff had not engaged in substantial activity since his alleged disability onset date, and that he was insured for benefits through December 13, 2010.  (R. 17.)  Next, the ALJ determined that plaintiff did not have an impairment or combination of impairments which met or equaled a listed impairment.  *Id.*  Although the ALJ did find that plaintiff's multilevel degenerative disc disease of the spine was a severe impairment, that condition nevertheless did not meet or medically equal a listed impairment in the applicable regulations.  *Id.*

Finding that plaintiff did not have an impairment as defined by the relevant provisions, the ALJ next addressed the extent and severity of plaintiff's alleged symptoms.  (R. 18.)  The ALJ determined that although plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms, the plaintiff's statements regarding the severity, persistence, and limiting effects of those symptoms were "not entirely credible."  (R. 23.)  In

determining that plaintiff's statements were not entirely credible, the ALJ first noted the types of evidence he must consider in assessing plaintiff's credibility. (R. 18-19.) The ALJ then summarized the plaintiff's relevant testimony as to plaintiff's severity of pain. (R. 19-20). After noting the relevant evidentiary factors and summarizing plaintiff's relevant testimony, the ALJ concluded that "the credible evidence does not support the degree of pain that claimant alleges." (R. 20.) In support of that finding the ALJ relied upon, *inter alia*, two separate Physical Residual Functional Capacity Assessments ("RFC"s), each concluding that the plaintiff could perform light work. Indeed, the ALJ noted that with limited exception,[*] the "other substantial evidence in the record supports" the findings contained in the two RFCs. (R. 21.) As a result, the ALJ concluded that the plaintiff's statements "concerning the intensity, persistence, and limiting effects of [the alleged] symptoms are not entirely credible." (R. 23.) The ALJ accordingly concluded that plaintiff was able to perform some of his past relevant work, specifically as a painter or caterer. (R. 23.) Based on an application of the Medical-Vocational Guidelines to plaintiff's limited abilities, and on testimony of a vocational expert, the ALJ concluded that jobs as a painter or caterer were available to plaintiff. (R. 24.) Accordingly, the ALJ concluded that the plaintiff was not disabled under the Act. *Id.*

Plaintiff timely appealed the ALJ's decision to the Appeals Council (R. 5-6), which denied review and adopted the ALJ's decision as the final decision of the Commissioner. (R. 1-3.) Hanna filed the instant action on December 22, 2008. The parties filed cross-motions for summary judgment, and the Magistrate Judge recommended that this Court enter an order granting the Commissioner's motion for summary judgment. The Magistrate Judge found that the ALJ's decision was supported by substantial evidence and recommended that the

---

[*] The sole exception was an RFC performed by Dr. David Duani, discussed *infra.*

Commissioner's final decision be affirmed.

In his objections to the Magistrate Judge's Report, Hanna argues that the Report fails to recognize that the ALJ offered no articulated rationale or analysis to explain why Plaintiff's testimony was considered "not entirely credible." According to the Plaintiff, the ALJ's decision merely summarized the evidence and testimony, and therefore did not adequately explain the rationale in support of the credibility finding. Additionally, the Plaintiff argues that the Magistrate's Report improperly focuses on a narrow portion of the evidence offered during the ALJ hearing to support the ALJ's finding. Essentially, Plaintiff's argues that by focusing on evidence provided by Dr. William Sukovich that supports the ALJ's finding, the Magistrate Judge improperly failed to consider other relevant evidence in making a final recommendation to this Court concerning the ALJ's disability determination.

## II. STANDARD OF REVIEW

This Court must uphold the Commissioner's factual findings if they are supported by substantial evidence and were reached through application of the correct legal standard. *See* 42 U.S.C. § 405(g) (2000); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), and consists of "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F. 2d 640, 642 (4th Cir. 1966).

In determining whether the Commissioner's decision was supported by substantial evidence, the Court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." *Craig*, 76 F.3d at 589. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the

responsibility for that decision falls on the [ALJ]." *Id*. (internal quotation marks omitted). Accordingly, a court may not undertake a *de novo* review of the Commissioner's decision, and the fact that the record may support a conclusion inconsistent with that of the Commissioner is immaterial. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). However, determining whether the evidence presented by the ALJ to support his decision amounts to substantial evidence is a question of law, and therefore will be considered anew. *Hicks v. Heckler*, 756 F.2d 1022, 1024-25 (4th Cir. 1985) (*abrogated on other grounds by Lively v. Bowen*, 858 F.2d 177, 180 (4th Cir. 1988). Furthermore, "ALJs have a duty to analyze 'all of the relevant evidence' and to provide a sufficient explanation for their 'rationale in crediting certain evidence.'" *Bill Branch Coal Corp. v. Sparks*, 213 F.3d 186, 190 (4th Cir. 2000) (citations omitted).

## III. DISCUSSION

### A. The ALJ's Credibility Determination is Supported by Substantial Evidence

As long as the ALJ's credibility determination is supported by substantial evidence, this Court cannot substitute its own credibility determination for that of the ALJ. *Craig*, 76 F.3d at 589. However, if there is not such support in the decision, the court may not perform an independent analysis of the claimant's credibility. *Jolly v. Barnhart,* 465 F.Supp.2d 498, 505 (D.S.C. Sept. 27, 2006). A claimant's subjective complaints of pain must be supported by objective medical evidence. *Craig v. Chater*, 76 F.3d 585, 591 (4th Cir. 1996); *Johnson v. Barnhart*, 434 F.3d 650, 657 (4th Cir. 2005). The evidence must show the existence of a medical impairment that could reasonably be expected to produce the amount and degree of pain alleged. *Craig*, 76 F.3d at 591; *Johnson*, 434 F.3d at 657.

The ALJ's credibility determination was based on an assessment of the record evidence and the objective medical evidence therein. (R. 19-23). First, the ALJ reviewed the claimant's

testimony. (R. 19-20). Second, the ALJ considered the two Physical Residual Functional Capacity Assessments, both of which concluded that the plaintiff could perform light work. (R. 20.) Indeed, the ALJ considered in detail and adopted the testimony of Dr. Vinh, one of the doctors who performed an RFC on Hanna. (R. 20-21). In that RFC, Vinh states that the claimant "described daily activities that are not significantly limited in relation to his alleged symptoms," and that "[t]he medical records reveal that medications have been relatively effective in controlling his symptoms." (R. 20, 21). In adopting Dr. Vinh's RFC, the ALJ concluded that Vinh's opinion was based on "objective and appropriate subjective data" and was "entirely consistent with the MRI and other objective evidence in the record." (R. 21). Indeed, the ALJ concluded that Vinh's RFC "is not contradicted by any of the credible evidence in the record." (R. 21). Moreover, the ALJ's consideration of the RFCs refers to and adopts a comparison of the plaintiff's reported daily activities with the alleged symptoms. (R. 20-21).

In reviewing the record evidence, the ALJ also noted a Request for Medical Advice stating that the claimant Hanna has the RFC for light work. (R. 22). Moreover, the ALJ cited physical therapy data compiled by the Advanced Center for Physical Therapy discussing the claimant's core strength and degree of pain. (R. 22). Finally, the ALJ cited one exception that seemed to contradict the aforementioned RFCs. Indeed, the ALJ reviewed a Lumbar Spine RFC by Dr. David Duani, and discussed in detail why that exhibit was ultimately found to be "not credible." (R. 23). Within that RFC, Duani indicated significant limitations as to plaintiff's general ability resulting from his back pain. The ALJ determined that the Duani RFC was not credible for several reasons, including: 1) the RFC offered no explanations to the alleged limitations indicated on the form; 2) the RFC appeared to be based solely on plaintiff's statements about his condition made to Duani; 3) the Duani RFC was inconsistent with "the

substantial credible evidence in the record by other medical doctors;" and 4) the Duani RFC was not supported by objective medical data such as MRI and CT scan data. (R. 23.)

Although the plaintiff asserts in his objection to the Magistrate Judge's Report that the ALJ's decision fails to articulate any rationale supporting a finding that the plaintiff was "not entirely credible," the record plainly demonstrates otherwise. The ALJ clearly considered the entire record in making the credibility determination, stating that "after considering the evidence of record" he found that plaintiff's impairment "could reasonably be expected to produce the alleged symptoms, but that [plaintiff's] statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible." (R. 23). Contrary to plaintiff's assertion, the ALJ does not simply recite the objective evidence. Rather, the record discloses that the ALJ considered specific grounds on which his credibility determination rests. Based on that consideration, the ALJ concluded that the plaintiff was not disabled. I find that the ALJ's conclusion is based on substantial evidence. Furthermore, I conclude that the ALJ sufficiently articulated the rationale supporting his credibility finding. Therefore, Hanna's objection to the ALJ's credibility determination will be overruled.

**B. The ALJ and Magistrate Properly Considered the Record in its Entirety**

The plaintiff next objects to the Magistrate Judge's consideration of certain record evidence offered by Dr. William Sukovich, the physician who served as plaintiff's treating specialist. In the Report, the Magistrate Judge notes several instances in the record where Dr. Sukovich offered evidence that supported the ALJ's credibility findings. Based on this focus by the Magistrate Judge, the plaintiff argues that the Report fails to "review the record as a whole" and "isolate[s] evidence that supports the Commissioner's position." (Pl.'s Br. 7.) The Plaintiff also argues that because Sukovich believed there was a continuing reason for his ongoing pain and

"slow" progress, "the Commissioner was required to view all of the evidence and regulatory factors in depth to analyze the credibility of those assertions." (*Id.*). In Plaintiff's view, the Commissioner failed to undertake such a review.

I find no support for Plaintiff's objection. Of course, both this Court and the Magistrate Judge are not permitted to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary," *Craig v Chater*, 76 F.3d at 589. However, contrary to Plaintiff's argument, that the Magistrate discussed certain portions of the record does not mean that he isolated only those portions that supported the Commissioner's view. Indeed, the Magistrate Judge did not rely *solely* on the Sukovich evidence to support his conclusion that the ALJ's decision was supported by substantial evidence. Moreover, this Court has reviewed the entire record and has concluded that the ALJ's finding is supported by substantial evidence. Finally, I find no support for Plaintiff's argument that the ALJ failed to review the record in its entirety. As noted above, the ALJ clearly considered the entire record in making the credibility determination.

## IV. CONCLUSION

After a thorough examination of the Plaintiff's objections, the applicable law, the documented record, and the Magistrate Judge's Report, the Court overrules the Plaintiff's objections. The Commissioner's decision that Hanna is not disabled is supported by substantial evidence. Accordingly, I will adopt the Report and Recommendation of the U.S. Magistrate Judge filed August 17, 2009, grant the Commissioner's motion for summary judgment, deny the Plaintiff's motion for summary judgment, and affirm the Commissioner's decision to deny benefits. An appropriate order will follow.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum

Opinion and the accompanying Order to all counsel of record and to U.S. Magistrate Judge B. Waugh Crigler.

ENTERED: This __20th__ day of January, 2010.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE